■ JOHN A. RUSSO, Appellant, v PERGAMENT HOME CENTER, INC., et al., Respondents. (And a Third-Party Action.) [697 NYS2d 521] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered August 25, 1998, as, upon an order of the same court dated April 22, 1998, *inter alia*, granting those branches of the respective motions of the defendants which were for summary judgment dismissing the complaint insofar as asserted against them, dismissed the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff alleges that he tripped over a loose, folded-over floor mat at the entrance/exit to a mall and was thereby injured. However, neither the plaintiff nor anyone else actually saw what the plaintiff tripped over.

After the movants made out a prima facie case for summary judgment, the plaintiff, in opposition to the motion, failed to lay bare his proof and present evidentiary facts sufficient to raise a genuine triable issue of fact. Santucci, J. P., Thompson, Sullivan and Friedmann, JJ., concur.

■ AGUEDA SANTANA et al., Appellants, v SEAGRAVE FIRE APPARATUS CORP. et al., Respondents, et al., Defendants. (And Another Title.) [698 NYS2d 168] —In an action to recover damages for personal injuries and wrongful death, the plaintiffs appeal from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated December 11, 1998, as denied their motion for further discovery.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The Supreme Court may, in its discretion, grant permission to conduct additional discovery after the filing of a note of issue and certificate of readiness, where the moving party demonstrates that unusual or unanticipated circumstances developed subsequent to the filing which require additional pretrial proceedings to prevent substantial prejudice (*see,* 22 NYCRR 202.21 [d]). Here, however, the plaintiffs failed to offer sufficient evidence of such circumstances which would justify the further discovery requested. Altman, J. P., H. Miller, Schmidt and Smith, JJ., concur.